Filed 3/11/21  In re D.N. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re D.N., a Person Coming Under the Juvenile Court Law. | B307688 (Los Angeles County Super. Ct. No. CK99900) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. D.N., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Thomas E. Grodin, Temporary Judge. Appeal dismissed.

Roni Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

––––––––––––––––––

For the reasons detailed below, we dismiss this appeal as moot. Although this family has had multiple proceedings in the dependency court, we limit our discussion of the factual and procedural background to those facts and proceedings pertinent to this appeal.

During the proceedings below, the juvenile court asserted juvenile dependency jurisdiction over D.N. pursuant to Welfare and Institutions Code[1] section 300, subdivisions (a) and (b) on the ground that D.N.'s mother (mother) inappropriately physically disciplined D.N. by striking him with a belt, and the court later sustained a petition under section 342 on account of mother's substance abuse. (See *In re D.N.* (2020) 56 Cal.App.5th 741, 744–745 (*D.N. I*).)[2] Subsequently, the juvenile court issued a ruling sustaining a supplemental petition pursuant to section 387 alleging, inter alia, that D.N.'s father (father) threatened physically to abuse the child; removing D.N. from mother's and father's custody; and requiring the Los Angeles County Department of Children and Family Services (DCFS) to provide reunification services to father. (See *D.N. I*, at pp. 745–747.)

_____

[1] Undesignated statutory citations are to the Welfare and Institutions Code.

[2] We, sua sponte, take judicial notice of our prior opinion in *D.N. I*. (See Evid. Code, §§ 452, subd. (d) & 459.)

2

On December 6, 2019, the juvenile court denied father's request for a continuance of a section 366.22 permanency review hearing, found that returning D.N. to his father's physical custody would pose a substantial risk of detriment to the child, and terminated father's reunification services. (See *D.N. I*, *supra*, 56 Cal.App.5th at pp. 754–755.) Father appealed the juvenile court's December 6, 2019 decision. (*Id.* at p. 755.)

During the pendency of that appeal, the juvenile court issued an order on September 8, 2020 that, among other things, returned D.N. to mother's custody, retained jurisdiction over the case, required mother to participate fully in D.N.'s mental health services and follow all treatment recommendations, and scheduled a section 364 review hearing. By placing D.N. in only mother's custody, the juvenile court impliedly denied a request father made at the September 8, 2020 hearing to have D.N. released to him. On September 9, 2020, father appealed the September 8, 2020 order, which is the subject of the instant appeal.

On October 27, 2020, we (1) reversed the juvenile court's December 6, 2019 rulings (a) denying father's request for a continuance of the section 366.22 permanency review hearing, (b) finding that returning D.N. to father's physical custody would create a substantial risk of detriment to the child, and (c) terminating father's reunification services; and (2) remanded the matter to the juvenile court to consider whether DCFS should continue to provide father with child welfare services, order visitation, or grant joint legal or physical custody over D.N., and for such other proceedings based on the record then before it. (See *D.N. I*, *supra*, 56 Cal.App.5th at pp. 743–744, 755, 769–770.)

3

The court clerk issued the remittitur for *D.N. I* on December 29, 2020.

On February 22, 2021, the juvenile court: (1) found that (a) father's progress made toward alleviating or mitigating the causes necessitating placement has been substantial and (b) returning D.N. to his parents would not create a substantial risk of detriment to D.N.; (2) terminated the September 8, 2020 home of mother order; (3) returned D.N. to the custody of both his parents (with mother's home as D.N.'s primary residence) on the condition that D.N.'s "parents continue to comply with [the] previous case plan"; and (4) ordered DCFS to provide family maintenance services to D.N. and his parents.[3]

At our request, the parties submitted letter briefs addressing what impact, if any, the juvenile court's February 22, 2021 order has on the instant appeal. Having considered the parties' supplemental briefing, we conclude this matter is moot.

"An appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief. [Citations.] ' "An issue is not moot if the purported error infects the outcome of subsequent proceedings." ' [Citation.]" (*In re E.T.* (2013) 217 Cal.App.4th 426, 436.) Here, the February 22, 2021 order terminated the only portion of the September 8, 2020 order that arguably prejudiced father—i.e., the implied denial of his request that D.N. be returned to his physical custody. By virtue of the February 22, 2021 order, father now has joint custody of D.N.

---

[3] We previously took judicial notice of the juvenile court's February 22, 2021 minute order.

4

with mother. Thus, it is impossible for us to grant father effective relief from the September 8, 2020 order.

Father still maintains that the instant appeal is not moot because: (1) DCFS opposed the February 22, 2021 order; (2) the February 22, 2021 order "is not a final order and remains subject to appellate review sought by either party, including [DCFS]"; (3) the February 22, 2021 order requires father to comply with a previous case plan, an obligation that is improper because it "would seem to be in conflict" with the prior opinion from *D.N. I* and father is not an offending parent; (4) the juvenile court did not terminate jurisdiction on February 22, 2021 and DCFS may initiate new dependency proceedings even if jurisdiction is terminated; and (5) if this appeal is dismissed as moot, then "the September 8, 2020, findings and orders which are in conflict with [the prior opinion] . . . will be allowed to stand and to have improper potential future impact on the full and fair exercise of parental rights by . . . father . . . ." We find none of these arguments persuasive.

Whether DCFS opposed the juvenile court's February 22, 2021 decision has no apparent bearing on our ability to grant father effective relief in his appeal of the September 8, 2020 order. Father's observation that he and DCFS could appeal the February 22, 2021 order suffers from the same defect. Insofar as father is concerned that DCFS hypothetically could seek an appellate ruling reversing the order releasing D.N. to his custody, we note he will have an opportunity to defend the lower court's order. (See Cal. Rules of Court, rule 8.412(b)(2) [allowing a respondent to file a brief in an appeal of a juvenile dependency order].) In any event, we cannot grant father relief from the juvenile court's—now terminated—

5

September 8, 2020 ruling returning the child to mother's sole custody.

That the February 22, 2021 home-of-parents order is conditioned on father's adherence to a prior case plan also has no apparent connection to his appeal of the September 8, 2020 order, and father fails to identify any such connection. Specifically, reversing the order being appealed would not impact the validity of father's case plan because on September 8, 2020, the juvenile court did not order father to participate in any services, but simply reaffirmed that "[f]ather's visits [we]re to remain as previously ordered." Conversely, the juvenile court imposed certain obligations on *mother*, including the requirement that she "fully participate in [D.N.'s] mental health services and follow all treatment recommendations." Thus, assuming arguendo that the juvenile court's later decision to re-impose a prior case plan was erroneous, we cannot remedy that error in the course of reviewing the September 8, 2020 order. (See *In re J.F.* (2019) 39 Cal.App.5th 70, 75 [" ' "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." [Citation.]' "].) We further note that the validity of father's case plan does not hinge on whether he is properly characterized as an offending parent. (See *In re D.L.* (2018) 22 Cal.App.5th 1142, 1148 ["Irrespective of whether the court's jurisdictional findings as to [appellant-parent] were well founded, the court had jurisdiction over the child. Accordingly, it had the authority to order a nonoffending parent to participate in services."].)

Lastly, we reject as unfounded father's concern that dismissing this appeal will prejudice him by leaving in place "the September 8, 2020, findings and orders which are in conflict" with the prior opinion. The only September 8, 2020 ruling that

6

could have adversely affected father was the implied denial of his request to have D.N. returned to his custody. The juvenile court's September 8, 2020 findings had no other effect on father's rights. On that date, the court merely found that mother's progress toward alleviating or mitigating the causes necessitating placement had been substantial, returning the child to her custody would not create a substantial risk of detriment to D.N., and the child's placement up until that time had been necessary and appropriate. We also fail to discern how the portions of the September 8, 2020 order that remain intact are inconsistent with our prior opinion, and father does not provide any basis for his argument on this point.

For the foregoing reasons, we dismiss this appeal as moot. (See *In re N.S.* (2016) 245 Cal.App.4th 53, 58–59 ["An appellate court will dismiss an appeal when an event occurs that renders it impossible for the court to grant effective relief."].)

**DISPOSITION**

We dismiss as moot father's appeal of the juvenile court's September 8, 2020 order.

NOT TO BE PUBLISHED.


                                            BENDIX, Acting P. J.


We concur:



        CHANEY, J.



        FEDERMAN, J.*

---

        * Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.